UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DEON MALLOY,

       Petitioner,

v.                                Civil Action Number: 2:12-cv-11509
                                Honorable Nancy G. Edmunds

DEBRA SCUTT,

       Respondent.

_____/

## ORDER DENYING REQUEST TO EXPAND
## THE RECORD AND TO HOLD AN EVIDENTIARY HEARING

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. On April 4, 2012, Petitioner Melvin Deon Malloy, a Michigan prisoner currently incarcerated by the Michigan Department of Corrections at the Parnell Correctional Facility in Jackson, Michigan, filed this *pro se* habeas petition, alleging that his 2008 guilty-plea conviction for two counts of breaking and entering a building was obtained in violation of his constitutional rights. Petitioner pleaded guilty in the Monroe County, Michigan, circuit court on May 9, 2008. He was sentenced, on July 31, 2008, as a second offense habitual offender, to twenty-eight months to fifteen years. Pending before the Court is his "Request to Expand the Record, []; Hold an Evidentiary Hearing []; and Proceed Under 28 U.S.C. 2254(e) to Support Writ of Habeas Corpus" [dkt. # 3], which he filed along with his habeas petition. For the reasons set forth below, the Court will deny the motion without prejudice.

### I. Request for Expansion of the Record

Rule 7 (a) of the rules governing § 2254 cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the

parties to expand the record by submitting additional materials relating to the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977).

In the present case, Petitioner requests that the Court expand the record to include materials which may support his claim that he is actually innocent of the crimes for which he has been convicted. Petitioner did not make a request for specific materials. Rather, he makes a general request. However, because the necessary Rule 5 materials have not yet been filed–due to be filed October 12, 2012–the Court cannot determine whether the record needs to be expanded to include any additional materials. After the Rule 5 materials are filed and the Court has carefully reviewed them, if it determines that additional materials are necessary to resolve the claims in this case, then the Court will order an expansion of the record at that time. Petitioner need not file any further motions regarding this issue.

## II. Request for Evidentiary Hearing

A federal district court generally is prohibited from granting an evidentiary hearing if the habeas petitioner failed to develop the factual basis for his or her claims in state courts. 28 U.S.C. § 2254(e)(2). "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e) (2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007). "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford*

*v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

Although relevant facts may be in dispute, the Court is unable to determine at this time whether Petitioner is entitled to an evidentiary hearing. Accordingly, Petitioner's request is denied without prejudice. The Court will reconsider its ruling, if necessary, after it reviews the state-court record. It is not necessary for Petitioner to renew his motion or to file another motion for an evidentiary hearing.

### III. Conclusion

Accordingly, IT IS ORDERED that Petitioner's "Request to Expand the Record, []; Hold an Evidentiary Hearing []; and Proceed Under 28 U.S.C. 2254(e) to Support Writ of Habeas Corpus" [dkt. # 3] is DENIED WITHOUT PREJUDICE. The Court will reconsider Petitioner's request if it determines at a later date that an expansion of the record or an evidentiary hearing are necessary.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager