UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN DEON MALLOY, #429478

                       Petitioner,                Case Number 12-11509
                                                Honorable Nancy G. Edmunds

v.

DEBORAH SCUTT,

                       Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in the Monroe Circuit Court of two counts of breaking and entering with intent to commit larceny, MICH. COMP. LAWS § 750.110. The trial court sentenced him as a second-time habitual felony offender to two concurrent terms of 28 months-to-15 years in prison. The petition enumerates eight claims: (1) Petitioner is entitled to withdraw his plea because he is actually innocent; (2) Petitioner was denied the effective assistance of counsel at the plea proceeding; (3) Petitioner's plea was involuntary because he was under the influence of psychotropic medications; (4) Petitioner's plea bargain was illusory; (5) the trial judge was biased and imposed a harsh sentence as a result; (6) Petitioner's trial counsel was ineffective; (7) the prosecutor would not be prejudiced if Petitioner is allowed to withdraw his plea; and (8) Petitioner is entitled to resentencing before a different judge. The petition will be denied because Petitioner's first two claims do not merit habeas corpus relief and because review of Petitioner's remaining claims is

barred by his failure to present them to the state courts during his direct appeal. The Court will also deny Petitioner a certificate of appealability and permission to proceed in forma pauperis on appeal.

## I. Background

According to Petitioner's sworn testimony at the guilty plea hearing, he and another man attempted to burglerize two stores in Monroe, Michigan. On both occassions, the other man threw a brick threw the window of the stores and went inside with the intent to steal while Petitioner waited outside and acted as look-out. On both occasions an alarm was triggered and the men fled.

As a result of this conduct, Petitioner was charged with two counts of breaking and entering with intent to commit larceny and with being a fourth-time habitual felony offender. Petitioner was also charged in another file with failure to register as a sex offender.

Pursuant to a plea bargain, Petitioner pled to the two counts of breaking and entering, and the prosecutor agreed to reduce the habitual offender charge to a second-time offense as opposed to a fourth-time offense. There was no sentencing agreement. The prosecutor also agreed to dismiss the sex offender registry charge against Petitioner. Both Petitioner and his counsel signed a plea bargain form setting forth these terms.

After Petitioner was placed under oath, he confirmed that he understood the plea bargain and that it was his intent to enter into it. The trial court asked Petitioner whether he understood the charges and potential penalties as stated on the record—up to 15 years in prison, and Petitioner indicated his understanding. Petitioner indicated that he was pleading guilty to both charges.

Petitioner affirmed he had a chance to review his trial rights, understood them, and

2

agreed to waive them. Petitioner denied that anyone promised him anything in addition to the plea bargain as stated on the record. He denied he was threatened into pleading guilty. Petitioner was asked whose "final choice" it was to plead guilty, and Petitioner responded that it was his. Petitioner confirmed he had enough time to meet with his attorney and that his right to counsel was satisfied.

After Petitioner described his involvement in the crimes, the trial court asked counsel whether there were any undisclosed inducements, promises, or threats made. Counsel denied that there were. The court then found the plea was voluntarily, understandingly and knowingly made.

At sentencing, defense counsel noted the sentence recommended was at the top of the legislative sentencing guidelines but asked that the court consider sentencing Petitioner to twelve months in jail or a short prison term. The trial court noted Petitioner's "poor prior record" which included prior incarceration and poor performance while on probation. Noting the sentencing guidelines' range for the minimum sentence was 10-to-28 months, the trial court sentenced Petitioner to two concurrent terms of 28 months-to-15 years, the maximum possible sentence without exceeding the guideline range.

After sentencing, Petitioner filed a motion to withdraw his plea, claiming that he did not commit the offenses. Petitioner claimed his attorney instructed him what to say at the plea proceeding and that his attorney assured Petitioner that his sentence would be limited to "county time." After hearing oral argument on the motion, the trial court denied it for lack of merit. The court indicated it reviewed the transcript of the plea proceeding and determined Petitioner was advised of all of his rights as required by the Michigan Court Rules, including the possible penalty. Tr. 2/13/09, pp. 5-7.

3

The trial court further stated:

> [Petitioner] was told that he was giving up any claim that the pleas were the result of any other promises not disclosed to me, or that it was not his own choice to enter the pleas.

> He said that he understood all these rights and that he was giving them up. He told me that no one promised him anything other than the plea bargain. He told me that he was - - that it was his own choice to plead. He said he had enough time to talk with his attorney and was satisfied he was given his rights to [an] attorney.

> [Petitioner] gave me a detailed factual description of what he said - - what he did . . . to make him guilty of both charges. All of this was doen under oath. Defense counsel and the Prosecutor both indicated that there were no other promises, threats or inducements, other than those stated on the record.

> At the sentencing on July 31st , 2008 the [Petitioner] knew of the recommendation by Probation for a prison sentence, but he had nothing to say when he was given opportunity to do so.
> Now on the basis of this motion . . . is primarily the [Petitioner] claims he is not guilty and that Defense Counsel told him to plead guilty and that he said what his attorney told him to say, and coincidentally the [Petitioner's] statements during his plea substantially corresponded to what he told the police in his confession, which would have been prior to appointment . . . of his Defense Counsel.

> It is clear that the [Petitioner's] plea was voluntarily and understandingly made. For this Court to give any credibility to his claims I would have to find that he lied to the police, that he lied to me under oath, and that his attorney lied to me when he said that there were no other promises made to induce the pleas.

> Further, given all these circumstances, as well as the excellent plea bargain the [Petitioner] was given, it would be frivolous to find that the advice afforded by Defense Counsel was not within the normal range of competence.

Tr. 2/13/09, pp. 5-7.

Thereafter, Petitioner filed an application for leave to appeal in the Michigan Court

of Appeals, which raised the following claims:

4

I. [Petitioner] should be allowed to withdraw his plea based upon his claim of actual [innocence].

II. [Petitioner] should be allowed to withdraw his plea as he was denied the effective assistance of counsel.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished summary order for "lack of merit in the grounds presented." *People v. Malloy*, No. 293313(Mich. Ct. App. Sept. 30, 2009). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the question presented should be reviewed by the Court. *People v. Malloy*, 458 Mich. 1081 (2010) (table).

Petitioner returned to the trial court and filed a motion for relief from judgment, which contained the following claims:

I. Due process requires plea withdrawal where [Petitioner] was taking psychotropic medication and the court failed to ascertain [Petitioner's] mental state at the time of the plea proceeding.

II. [Petitioner] must be permitted to withdraw his guilty plea because the so called plea "bargain" held no benefit for him. [Petitioner's] plea was involuntary, unknowing, and unintelligent, in violation of the state and federal due process clauses, where it was premised on this illusory bargain and where he was given inadequate time and inadequate assistance from counsel in considering it.

III. [Petitioner] was denied a fair judge and the appearance of justice where the sentencing judge erred in denying [Petitioner's] motion to withdraw plea.

IV. The trial court erred in denying [Petitioner's] motion to withdraw his guilty plea where his plea was rendered unknowing and unintelligent by defense counsel's ineffective representation.

V. If [Petitioner] is allowed to withdraw his plea, the prosecution will not be substantially prejudiced.

VI. [Petitioner] is entitled to a resentencing before a different judge because [Petitioner] was denied his constitutional rights to an impartial judge and effective attorney.

The trial court denied the motion for relief from judgment in a written opinion. The opinion addresses each of the claims on the merits. On the last page of its opinion, the court also stated that Petitioner also had not demonstrated good cause or actual prejudice for his failure to raise the claims during his direct appeal.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals which was denied "for failure to establish entitlement to relief under Mich. Ct. R. 6.508(D)." *People v. Malloy*, No.299693 (Mich. Ct. App. June 8, 2011). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court, but it was also denied with citation to  Mich. Ct. R. 6.508(D). *People v. Malloy*, 490 Mich. 968 (2011) ( table).

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

6

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories

7

are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.


## III. Discussion

### A. Claims I and II - Validity of Guilty Plea

Petitioner's first two habeas claims attack the validity of his guilty plea. His first claim asserts that he is actually innocent. Petitioner states that he never participated in the crimes and left his partner before he broke into the stores. Petitioner's second claim asserts that his trial counsel was ineffective for telling him that he would only receive "county time"

if he pled guilty, and for telling him how to answer the questions during the plea hearing despite his innocence. Both claims were presented to the state courts in Petitioner's motion to withdraw his plea and on direct appeal. Respondent argues that the state courts reasonably rejected the claims on the merits.

Petitioner's assertion that his guilty plea must be set aside because he is innocent does not state a claim for habeas relief. Claims of actual innocence have "never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007).

Indeed, the United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. *Brady v. United States*, 397 U.S. 742, 747 (1970). Petitioner has not alleged facts — much less demonstrated — that his plea does not meet this requirement. The proper plea colloquy demonstrates that Petitioner voluntarily waived his trial rights and pled guilty.

Turning to Petitioner's ineffective assistance of counsel claim, the United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner

9

who is challenging a guilty or no contest plea on the ground that he was denied the effective assistance of counsel. First, the Petitioner must establish that "'counsel's representation fell below an objective standard of reasonableness.'" *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Second, the Petitioner must demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Significantly, "where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

Petitioner claims that he pled guilty in reliance on a promise by his trial counsel that he would only receive "county time" if he pled guilty. This allegation, however, is contradicted by Petitioner's testimony at the plea hearing in which he denied that anyone had promised him anything beyond what was placed on the record at the plea hearing and acknowledged that the crimes he was pleading guilty to were punishable by up to fifteen years in prison. Petitioner does not assert that the state trial court failed to engage in a proper plea colloquy. A state trial court's proper, clear, and thorough plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999).

To the extent that petitioner asserts that there were representations made to him by his attorney that differed from his statements during the plea colloquy, these assertions do not justify habeas relief. The Sixth Circuit has held, when addressing a petitioner's claim of a secret plea deal different than that acknowledged by the petitioner at the plea hearing:

10

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners ... from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Baker*, 781 F.2d at 90.

*Ramos*, 170 F.3d at 566. Accordingly, Petitioner's allegations of off the record representations of his sentence by his trial counsel were reasonably rejected by the state courts.

## F. Claims III through VIII  - State Post-Conviction Review Claims

Petitioner's remaining claims were presented to the state courts in his motion for relief from judgement and the appeal that followed its denial. Respondent asserts that review of these claims is barred by his procedural default of failing to comply with Michigan Court Rule 6.508(D)(3), which required him to present these claims to the state courts in his direct appeal.[1]

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a

---

[1]Arguably, some of the claims presented to the state courts in his post-conviction review proceeding essentially re-raised issues presented on direct appeal. These claims are meritless for the reasons stated above.

defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." Mich. Ct. R. 6.508(D)(3)(b)(i).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. See *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). This court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

12

In the present case, the Monroe Circuit Court judge rejected petitioner's motion for relief from judgment, finding that Petitioner had not shown "good cause" under Mich. Ct. R. 6.508(D). This ruling is a clear invocation of the procedural bar set forth in Rule 6.508(D)(3). Petitioner's post-conviction claims are therefore procedurally defaulted. See *Ivory v. Jackson*, 509 F. 3d 284, 292-93 (6th Cir. 2007); See also *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005).

To establish cause to excuse a procedural default, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. See *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991). Petitioner alleges that he failed to raise these claims on direct appeal because of ineffective assistance of appellate counsel. However, to serve as cause to excuse a default, a claim of ineffective assistance of counsel must be properly exhausted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). Petitioner presented an ineffective assistance of appellate counsel argument in his motion for relief from judgment, but he did not raise that argument in either the Michigan Court of Appeals or in the Michigan Supreme Court. Therefore, Petitioner cannot demonstrate cause to excuse his default.

Even assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claims would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. See *Matthews v. Ishee*, 486 F.3d

13

883, 891 (6th Cir. 2007). Petitioner has failed to show that his post-conviction claims have any merit for the reasons stated by the trial court in its order denying the motion for relief from judgment. Briefly stated, Petitioner has failed to demonstrate that any medication rendered his plea involuntary. And contrary to his allegations, Petitioner's plea bargain was not illusory. He was originally charged as a fourth time habitual felony offender. The dismissal of that charge reduced his sentencing exposure. Moreover, sex offender registry charges were dismissed as part of the bargain. Nor has Petitioner demonstrated that the trial court was biased against him. Petitioner is therefore not entitled to habeas relief on his remaining claims.

Additionally, Petitioner has also not shown that a fundamental miscarriage of justice has occurred if the Court does not review the claim. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. See *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. The claim is barred by procedural default and does not warrant habeas relief.

The Court denies the petition for writ of habeas corpus.

IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.  The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal of this decision would be frivolous

V. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.  The Court further **DENIES** a certificate of appealability and permission to proceed on appeal in forma pauperis.

**SO ORDERED.**


S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 4, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2013, by electronic and/or ordinary mail.

S/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer

15